# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-0032-RLV-DSC

SAGITTARIUS SPORTING GOODS
COMPANY, LTD, and THE GRILL
COMPANY, LLC,

        Plaintiffs,

vs.

L G SOURCING, INC.,

        Defendant.

## PROTECTIVE ORDER

It is hereby ORDERED that the restrictions and procedures contained in this Protective Order ("Protective Order") shall apply with respect to certain documents and other information that has been or will be produced and/or disclosed by Sagittarius Sporting Goods Company, Ltd and The Grill Company, LLC ("Plaintiffs") and L G Sourcing, Inc. ("Defendant") (together with the Plaintiffs, the "Parties") in connection with the above-captioned action ("the Action").

1.     Entry of this Protective Order is appropriate because the Parties contend that information and documents that may be produced and/or disclosed in this Action may contain sensitive business and other confidential and proprietary information. This Protective Order is also appropriate to protect confidential and proprietary information that may be present in discovery sought from non-parties. The Parties may seek documents and information and/or seek to use documents and information in connection with this Action that a Party or non-party may consider confidential. The Parties intend for such confidential information to be disclosed only under the terms of this Protective Order.

2. Except to the extent required by law, this Protective Order shall apply, and the procedures described herein shall be adopted, with respect to all Discovery Material (as defined in Paragraph 3, below) that any Party or non-party marks as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order. A Party or non-party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator." This Protective Order shall not apply to documents that are publicly available.

## Confidential Information

3. For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery). Discovery Material shall also include any documents, things or information produced by a Party or non-party voluntarily or by agreement without the receipt of a formal discovery request.

4. For the purpose of this Protective Order, "Confidential Information" shall mean Discovery Material that has been affirmatively marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or otherwise designated in accordance with Paragraph 7 or 8, below, which contains information of any of the following types, to the extent that the information has indeed been kept confidential and has not been disclosed without reasonable assurances of confidentiality:

      a) Non-public financial, trade secret, or proprietary business or technical information that may be of value to a competitor of the person or entity disclosing such information;

      b) Any information of a personal or intimate nature regarding any individual and/or information protected by the right to privacy; or

      c) Any other category of information hereinafter given "Confidential" status by the Parties, upon written agreement, or the Court.

No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

    5.    If any non-party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information, the non-party may designate such material as confidential in accordance with Paragraph 7. Non-party Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-party's claim of confidentiality and bears the burden of establishing its claim of confidentiality in such proceedings.

### Access To and Use of Confidential Information

    6.    No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall (a) be used for any business, commercial, competitive, personal, or other non-regulatory or non-enforcement purposes; or (b) be disclosed by the person

receiving it to any other person without the prior written consent of the Designator or an order of the Court, except to the following:

    i. Counsel for the Parties (including internal and external counsel);

    ii. Counsel's employees (including temporary and permanent law clerks, paralegals, and clerical personnel retained by counsel for the Plaintiff);

    iii. Parties and employees of the Parties who have a need for access to the Confidential Information for this Action;

    iv. Litigation consultants and contractors, and persons designated as expert witnesses;

    v. The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order;

    vi. Stenographers or other persons preparing transcripts of testimony in this Action; and

    vii. Outside vendors, including their employees, retained by Counsel for any Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

With the exception of those persons designated in clauses 6.i., 6ii., 6iii., 6.v. and 6.vi. of Paragraph 6, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the Confidential Information may seek appropriate relief from this Court. Documents may be handled by clerical personnel in the employ of any Party or non-party, including those in the employ of contractors or vendors hired by that Party or non-party, where that Party or non-party has executed the agreement and the clerical personnel are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the

agreement. Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information. Counsel for each Party shall obtain and retain executed copies of the agreements attached as Exhibit A from each person, other than persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, to whom it discloses any Confidential Information other than its own Confidential Information.

7. Notwithstanding Paragraph 6 above, any witness, other than a direct competitor of the Party whose Confidential Information is sought to be disclosed, who has a bona fide need to review said documents or other materials in connection with providing testimony or preparing to provide testimony, who has agreed to be bound by and comply with this Protective Order and who has executed the undertaking attached as Exhibit A, may be shown any document containing material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or if the designating party so agrees.

8. Any Discovery Material considered by a Party or non-party to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in a readily visible or noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation appears clearly on any such copies or duplicates.

9. Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given in any deposition may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by any Party or non-party by making such designation on the record. A Party or non-party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-party making the designations, and notice of such designations is sent to all Counsel of Record. At the Designator's expense, the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope. Whenever any Confidential Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and appropriately sealed. Only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

10. All Parties, their Counsel, and all persons designated in Paragraph 6 above who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

11. Whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order. In addition, any Party or non-party may move the Court to designate any testimony given in such hearing or trial proceeding as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope. Whenever any document designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-party may move that it be so marked if it has not previously been marked and appropriately sealed. Where the Court rules that such material is entitled to protection from disclosure under this Protective Order, the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6 shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

12. Any Party may at any time notify a Party or non-party asserting a claim of confidentiality, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or testimony as confidential. In that event, the challenging Party and Designator shall attempt to

resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may seek an appropriate ruling from the Court. In any such application for a ruling, the Designator shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment. The information in issue shall continue to be treated as Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation and shall not preclude any request for permission from the Designator or any other appropriate action in any forum to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing herein shall affect any Party's right to seek modification of this Protective Order.

**Confidential Information Subpoenaed or Ordered Produced in Other Litigation**

13. Should any non-party, by way of subpoena or bona fide discovery request ("Discovery Request"), seek disclosure from a Party of Confidential Information designated by any other Party or non-party, the Party receiving the request ("Receiver") shall promptly, and at least seventy-two (72) hours before responding to such Discovery Request if possible, send written notice, by hand delivery, email or facsimile transmission, of that portion of the Discovery Request relating to the request for Confidential Information to the Designator and his/her/its counsel (if known), upon concluding that such Discovery Request may call for the production of Confidential Information. Unless the Designator waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Confidential Information subject to protections suitable to the Designator, the

Receiver will inform the non-party seeking disclosure that the information requested is Confidential Information protected by this Protective Order and provide a copy of this Protective Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to disobey a Discovery Request, or to challenge or appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject themselves to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any other Court to avoid producing the Designator's Confidential Information.

### **Disclosure of Confidential Information and Restrictions**

14. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's or non-party's claim of confidentiality with respect to the information so disclosed. A Party or other person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Designator, and the receiving Party or non-party shall not use such information for any purpose unless or until the information is thereafter intentionally disclosed by the Designator with an appropriate identification indicating that it is Confidential Information. Inadvertent disclosure of the document or information shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken to protect such inadvertently disclosed information after notification is received in accordance with this Protective Order.

15. Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon

the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

16. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order. This Protective Order may be amended without leave of the Court by the agreement of Counsel for the Parties in the form of a filed stipulation.

17. This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-party considers to be Confidential Information. It does not constitute a determination that documents or information so designated are Confidential Information. Nothing in this Order shall prejudice in any way the right of any Party to seek a determination whether particular documents, information or testimony are confidential information that should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

18. The Parties agree that a breach of the provisions of this Protective Order by a Party may cause irreparable harm to the other Parties, and therefore agree that injunctive relief, and injunctive relief alone, is the appropriate means to enforce this Agreement. No Party shall be subject to any claim for damages as a result of a breach of this Agreement.

19. This Protective Order will not be interpreted to and is not intended to keep motions, memoranda supporting motions, orders, and other filings with the Court under seal or under confidentiality. It is understood by the Parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. However, no Party

shall file in the public record any document marked with a confidentiality designation by another party without first obtaining the designating party's consent to file the document in the public record. Absent consent, such documents shall be filed under seal as permitted by the Court or pursuant to the instructions of the Court for filing such material.

20. Nothing in this Protective Order shall limit or affect the right of a Designator to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.

### **Final Disposition**

21. Pursuant to the Court's Pretrial Order and Case Management Plan (Doc. 47 at Section I.G), the ultimate disposition of Confidential Materials shall be subject to a final order of the Court upon completion of this litigation.

### **Protection and Clawback of Privileged or Otherwise Protected Material**

22. The disclosure of a document subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, whether inadvertent or otherwise, is not a waiver of privilege or of protection from discovery in this case or in any other federal or state proceeding. For example, the mere disclosure of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

23. Moreover, a Party or Non-party seeking protection for disclosed documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection ("Identified Materials") under this Section is not required to show that reasonable steps were taken to avoid the disclosure of the documents or information. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

24. Upon notice that Identified Materials have been produced, the Identified Materials and all copies thereof shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. The Identified Materials shall be deleted or otherwise permanently removed from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the document. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the Identified Materials are later designated by a court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of their contents before the notice was made. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected. If a Receiving Party receives a document from a Producing Party which the Receiving Party has reason to believe is privileged or protected, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the document returned or destroyed pursuant to this Order. The return of such materials shall not be deemed a waiver in whole or in part by the recipient of its right to object to the claim of privilege.

25. To the extent documents produced in a prior litigation were retracted under a claim of privilege or other protection, the re-production of such documents in this case shall not be deemed a waiver of privilege or other protection.

**Miscellaneous**

26. Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by each Party they represent and by those acting on its behalf.

**SO ORDERED**.

Signed: October 22, 2016

David S. Cayer
United States Magistrate Judge

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Sagittarius Sporting Goods Company, Ltd et. al. v. LG Sourcing, Inc.,* No. 5:16-cv-00032 (W.D.N.C.) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person except as provided in the Protective Order, and I further agree not to use any such information for any purpose other than this litigation.


Agreed to by: _____ (print name)

Signature: _____

Date: _____

Signed in the presence of: _____ (Attorney)